

FILED

MAY 30 2013

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIEL FLOYD and KELLEY FLOYD,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC.; BAC HOME LOAN SERVICING LP f/k/a COUNTRYWIDE HOME LOANS SERVICING LP; THORNBURG MORTGAGE SECURITIES TRUST 2007-3; THORNBURG MORTGAGE SECURITIES TRUST 2006-6; RECONTRUST COMPANY NA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC; BANK OF AMERICA, N.A. and DOES 1 through 10,<br><br>Defendants. | CV 12–79–M–DLC<br><br>ORDER |

Before the Court are the Findings and Recommendation of United States

Magistrate Judge Jeremiah C. Lynch. Defendants Countrywide Home Loans,

Inc., ReconTrust Company N.A., Bank of America, N.A., Thornburg Mortgage Securities Trust 2007-3, Thornburg Mortgage Securities Trust 2006-6, and Mortgage Electronic Registration Systems, Inc. ("Defendants") have filed objections and are entitled to *de novo* review of the specified findings and recommendations to which they object. 28 U.S.C. § 636(b)(1). Plaintiffs have responded to Defendants' objections, but have elected not to file objections themselves, with a minor caveat. Any findings and recommendations not specifically objected to are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Lynch recommended granting in part and denying in part Defendants' 12(b)(6) motion to dismiss. Defendants object to his recommendations that the Court not dismiss three of Plaintiffs' claims, which arise under the theory of negligence, the Montana Consumer Protection Act, and the implied covenant of good faith and fair dealing.

Critical to many of Defendants' arguments is their assertion that Judge Lynch erroneously concluded that Defendants foreclosed on the property at issue, even though no foreclosure sale has occurred. Judge Lynch recognized that Defendants filed a Notice of Trustee's Sale on May 20, 2010. Allegedly, this action prompted an auction company hired by Plaintiffs to cancel a planned

2

auction of the property, resulting in Plaintiffs' business, Renascent, having to pay an auctioneer's fee of $50,000 and Plaintiffs losing the opportunity to auction the property for a greater profit than might be attained through a Trustee's Sale. Filing a Notice of Trustee's Sale is the first step in foreclosing a trust deed under the Montana Small Tract Financing Act, Mont. Code Ann. §§ 71-1-313(3); 71-1-315(1). Although the next step—the sale—was not taken, it is true that Defendants initiated the foreclosure process provided for by that statute. Defendants' insistence that the sale must have taken place for any of Plaintiffs' claims to proceed is misplaced.

## I. Negligence

Judge Lynch recommended the Court dismiss Plaintiffs' claims under the Small Tract Financing Act on the grounds that the Act does not provide grounds for implied private rights of action. But he noted that the Act provides a basis for identifying duties owed by beneficiaries and trustees under a trust deed and that beneficiaries and trustees also owe a duty of ordinary care. (Doc. 57 at 14 (citing *Joseph v. Bank of Am., N.A.*, 2012 WL 6100037, *3–4 (D. Mont. 2012).)

A trustee's "primary duties" under the Small Tract Financing Act are "delivery of notice to the affected parties" and "to sell the property at public auction to the highest bidder." *Knucklehead Land Co., Inc. v. Accutitle, Inc.*, 172

P.3d 116, 120–21 (Mont. 2007). Plaintiffs do not allege that Defendants breached any duties related to a foreclosure sale, which has not taken place, but they do allege negligence related to the filing of the Notice of Trustee's Sale. The fact the sale has not taken place does not negate Plaintiffs' argument that Defendants breached their statutory-based duties related to the Notice. Judge Cebull reached a similar conclusion in *Joseph*, refusing to dismiss a claim alleging that the defendants had breached duties imposed by Montana law both by foreclosing on properties and "trying to foreclose" on properties. 2012 WL 6100037, *2. The statutory duties apply even if the foreclosure process is not completed. *Midfirst Bank v. Ranieri* does not hold otherwise, and its facts are inapplicable here. 848 P.2d 1046, 1047 (Mont. 1993).

Defendants are also subject to a duty of ordinary care. Defendants argue that this general obligation does not include a duty to identify the holder of the note for Plaintiffs because there is no duty to renegotiate a defaulted loan. Though the two potential duties are distinct—the failure to identify the holder of a note prevents a debtor from knowing whom it is in contract with and inquiring whether the holder might be willing to consider renegotiation or to notify the debtor of its intentions regarding foreclosure—the Court agrees that Defendants did not have a legal duty to disclose this information. The Small Tract Financing Act does not

4

create such a duty; nor does the Trust Deed or Note. Plaintiffs have not pled facts to establish a duty to disclose under § 551 of the Restatement (Second) of Torts, and there is no fiduciary relationship that might lead to an affirmative duty to disclose, *see Textana Inc. v. Klabzula Oil & Gas*, 222 P.3d 580, 588 (Mont. 2009). Finally, district court case law from the Ninth Circuit does not support a duty to disclose in these circumstances. *E.g. Zalac v. CTX Mortg. Corp.*, 2013 WL 1990728 (W.D. Wash. 2013); *Hodge v. Ocwen Loan Servicing*, 2012 WL 1434887 (D. Utah 2012); *Silvas v. GMAC Mortg., LLC*, 2009 WL 4573234 (D. Ariz. 2009).

Although Defendants' failure to disclose the note holder to Plaintiffs will be excluded from the claim, Judge Lynch's recommendation to allow Plaintiffs' negligence claim to proceed will be adopted, based on Plaintiffs' allegations concerning the Notice of Trustee's Sale. There is a factual dispute whether all the assignments of the Note and Deed of Trust were properly recorded, whether the notice of sale correctly identified the beneficiaries, and whether Recontrust acted outside its authority when it signed and filed the Notice of Trustee's Sale. Plaintiffs have adequately alleged potential breaches of duties established by the Small Tract Financing Act.

## II. Montana Consumer Protection Act

Defendants argue that the Plaintiffs' Montana Consumer Protection Act

5

claim should be dismissed because Defendants did not foreclose on the Floyds' property and because the Floyds are not "consumers" under the Act.

Plaintiffs have adequately pled a claim under the Act. They have alleged Defendants' acts in attempting to foreclose on the Property were "unethical" and "unscrupulous" and that the filing of the Notice of Trustee's Sale caused their private auctioneer to cancel the planned auction of the property, costing Plaintiffs the auctioneer's fee and potential lost profits. It is irrelevant that the trustee's sale never took place since the alleged damages were caused by Defendants' filing of the notice of sale. Plaintiffs have also adequately alleged that they are consumers under the Act. They allege they purchased the residential property in their own names, intending to use it primarily for "personal and residential/household purposes." Although they transferred the property to Renascent, they then continued to use the property for "personal and residential/household purposes." Accordingly, Judge Lynch's recommendation that the Court allow this claim to proceed will be adopted.

### III. The implied covenant of good faith and fair dealing

Judge Lynch's recommendation to allow Plaintiffs' implied covenant of good faith and fair dealing claim to proceed will be rejected. Plaintiffs have not alleged that Defendants' alleged failure to act in good faith was an attempt to

deprive them of any benefit to which they were entitled under the Deed of Trust. *Beaverhead B. Supply, Inc. v. Harrington*, 805 P.2d 560, 564 (Mont. 1991) (holding the implied covenant of good faith and fair dealing "is a mutual promise implied in every contract that the parties will deal with each other in good faith, and not attempt to deprive the other party of the benefits of the contract through dishonesty or abuse of discretion in performance.") "Without some attempt by one party to [use] discretion conferred by the contract to act dishonestly or to act outside the accepted commercial practices to deprive the other party of the benefit of the contract, it is questionable whether any breach of the covenant occurred, even if the conduct amounts to breaches of other common law obligations." *Weldon v. Mont. Bank*, 885 P.2d 511, 515 (Mont. 1994) (internal quotation marks and citation omitted). Under the contract, Defendants were entitled to attempt to foreclose on the property once the loan was in default, and the contract does not provide that Plaintiffs were entitled to renegotiate the loan or to know the identity of the owner of the beneficial interest. Accordingly, Plaintiffs have failed to allege that Defendants' actions attempted to deprive them of any contractual benefit, an essential element of the claim, and the claim must be dismissed.

Finding no clear error in the remaining findings and recommendations, IT IS ORDERED that Judge Lynch's Findings and Recommendations (doc. 57) are

7

ADOPTED in part and REJECTED in part as set forth above.

IT IS FURTHER ORDERED that Defendants' motion (doc. 41) is GRANTED in part as follows:

1. Plaintiffs' claims for implied private rights of action under the Small Tract Financing Act, for negligent misrepresentation, constructive fraud, and deceit, and for breach of contract, including their claim for a breach of the implied covenant of good faith and fair dealing, are DISMISSED.

2. Defendants Countrywide, Thornburg 2007-3, and Thornburg 2006-6 are DISMISSED.

Defendants' motion is DENIED in all other respects.

IT IS FURTHER ORDERED that no later than **June 14, 2013**, Plaintiffs shall file a second amended complaint that deletes the dismissed defendants and clearly articulates their claims against Bank of America, N.A.

Dated this 30th day of May 2013.

Dana L. Christensen, Chief Judge
United States District Court