IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIEL FLOYD and<br>KELLEY FLOYD,<br><br>    Plaintiffs,<br><br> vs.<br><br>COUNTRYWIDE HOME LOANS, INC.;<br>BAC HOME LOAN SERVICING LP<br>f/k/a COUNTRYWIDE HOME LOANS<br>SERVICING LP; THORNBURG<br>MORTGAGE SECURITIES TRUST<br>2007-3; THORNBURG MORTGAGE<br>SECURITIES TRUST 2006-6;<br>RECONTRUST COMPANY NA;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.;<br>BANK OF AMERICA, N.A.; and DOES<br>1 through 10,<br><br>    Defendants. | CV 12-79-M-DLC-JCL<br><br>FINDINGS &<br>RECOMMENDATION |

Before the Court is the Defendants' Federal Rule of Civil Procedure 12(f) motion requesting the Court to strike Daniel and Kelly Floyd's Second Amended Complaint. For the reasons detailed below, the motion should be granted in part.

The facts underlying this case are well known to the parties and need not be

-1-

repeated here except where necessary to clarify the discussion.

On March 12, 2013, the undersigned entered Findings and Recommendations on the Defendants' Fed. R. Civ. P. 12(b)(6) motion requesting dismissal of the Floyds' Amended Complaint for failure to state a claim upon which relief can be granted. With respect to the motion as it pertained to Bank of America N.A. ("Bank of America"), I recommended that entity should be dismissed without prejudice. I explained that while no facts were pled that would support a finding of liability against Bank of America on any causes of action as pled by the Floyds,:

> Nonetheless Defendant Bank of America N.A. identifies itself in its brief as successor by merger to the interests of BAC Home Loan. Therefore, as a result of that merger it is possible that Bank of America N.A. may have assumed any liabilities of BAC Home Loan. Therefore, Bank of America N.A, should be dismissed without prejudice to allow the Floyds, if possible, to amend their pleading to add factual allegations establishing Bank of America N.A.'s liability for BAC Home Loan's conduct.

Dkt. 57, at 32.

On May 30, 2013, Chief District Judge Dana L. Christensen, the presiding District Judge, entered an order adopting in part and rejecting in part my Findings and Recommendations. With respect to Bank of America, rather than dismissing the Plaintiffs' Amended Complaint without prejudice he ordered that "Plaintiffs shall file a Second Amended Complaint that deletes the dismissed Defendants and clearly articulates their claims against Bank of America." Dkt. 61, at 8. The

Floyds filed their Second Amended Complaint on June 14, 2013.

The Defendants predicate their motion to strike upon the assertion the Floyds exceeded the permission they were given to amend their complaint as against Bank of America. Specifically, the Defendants argue that Judge Christensen's order, read in conjunction with my Findings and Recommendations, only allowed the Floyds to articulate the facts supporting the Floyds' assertion that Bank of America is liable for BAC Home Loan's conduct. And Defendants assert the Second Amended Complaint includes "never-before pled grounds for the Floyds' negligence claim, repleading of grounds for the negligence claim that the Court has already dismissed with prejudice, and numerous other new factual allegations unrelated to the Floyds' claims against [Bank of America]" Dkt. 67, at 6.

The Floyds retort that in accordance with Judge Christensen's directive to clearly articulate their claims against Bank of America, the Second Amended Complaint merely expands upon the factual allegations that support their negligence claim pled in their First Amended Complaint. The parties are only partly correct in their respective arguments.

The pertinent operative allegations of the Floyds' negligence claim in the First Amended Complaint stated the Defendants breached the duties owed the Floyds in the following respects:

(1) they failed or refused to identify the holder of the note in response to Plaintiffs' inquiries;

(2) falsely claimed to be beneficiaries under the Deed of Trust;

(3) falsely claimed to be the Trustee;

(4) signed and recorded a notice of Trustee's sale without legal authority to do so, and;

(5) caused cancellation of an auction that would have fully paid the note.

Dkt. 38, ¶ 31.

After concluding the Defendants had no duty to identify the holder of the underlying promissory note, Judge Christensen identified the factual disputes which remain with respect to the Floyds' negligence claim as follows:

> [W]hether all the assignments of the Note and Deed of Trust were properly recorded, whether the Notice of Sale correctly identified the beneficiaries, and whether Recontrust acted outside its authority when it signed and filed the Notice of Trustee's sale.

Dkt. 61, at 5.

The inquiry determinative of Bank of America's motion to strike is whether the Floyds' amended allegations impermissibly attempt to state a new claim for relief based upon the conduct of BAC Home Loans for which Bank of America is now responsible.¹ Or do the amended allegations permissibly elaborate upon the

---

¹ The Floyds never sought leave to file a Second Amended Complaint prior to the expiration of the December 11, 2012, deadline for amending pleadings established in the Federal Rule of Civil Procedure 16 scheduling order. Thus, they may not advance new claims for relief at this juncture without satisfying the "good

factual basis supporting the Floyds' negligence claims as pled in their First Amended Complaint.

Having examined the amended allegations of the Second Amended Complaint, the Court concludes the Floyds have impermissibly attempted to add new claims against BAC Home Loans and, accordingly, Bank of America by amending paragraph 31 of the First Amended Complaint – now paragraph 29 of the Second Amended Complaint. Dkt. 65. Specifically, the allegation that the Defendants "informed Plaintiffs that default was necessary before loan modification could be discussed" is an improper attempt to add a new claim of negligence. Likewise, by alleging that Defendants "inaccurately identified" the holder of the Note, the Floyds' attempt to resurrect the purported duty that Judge Christensen held did not exist. Consequently, the amendments to former paragraph 31 as detailed in paragraph 29 of the Second Amended Complaint are properly stricken.

Focusing next on paragraph 30(a)-(d) of the Second Amended Complaint, the Floyds again improperly attempt to expand their negligence claim by seeking to impose liability – ultimately upon Bank of America – for purported misrepresentations made by BAC Home Loans. These allegations are properly

---

cause" standard enunciated in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

stricken. As to the remainder of the allegations set forth in paragraph 30 and paragraph 36 of the Second Amended Complaint, the Defendants are mistaken in their assertion that these allegations are, in effect, new claims. These are factual allegations supporting the claim of negligence advanced in paragraph 29 of the First Amended Complaint and as summarized by Judge Christensen in his order of May 30, 2013. The allegations are offered to support the Floyds' assertion that not all the assignments of the Note and Deed of Trust were properly recorded. Specifically, the Floyds' allegation that certain documents were not properly notarized pertains to the issue of whether the Note and Deed of Trust were properly recorded – which presumes proper notarization.[2]

Finally, the Defendants challenge the amended allegations to the extent they clarify who owned the property that made up the "Spring Creek Ranch", i.e., the Floyds, Renascent, and "Bibleot Trust." Dkt. 65, ¶ 8. And the Defendants assert the Floyds are attempting to amend their prayer for damages to include damages "related to two parcels of the Ranch that were not subject to the Deed of Trust, but were part of the cancelled auction." Dkt. 65, ¶ 34.

The allegations clarifying ownership of the Ranch are of little moment – and constitute evidence that would inevitably be presented at trial. As such, they

---

[2] The allegations pertaining to improper notarization as set forth in paragraphs 30 in (n)-(p) are also set forth in paragraphs 18-22 of the Second Amended Complaint.

need not be stricken. The amended prayer for damages clearly goes beyond the permission granted the Floyds to file an Amended Complaint. But again, they are of little moment. The Floyds original prayer for relief was extremely general – "Plaintiffs pray for all special and general damages in amounts to be proven at trial." Dkt. 38, at 15. The Defendants fail to articulate any specific argument how the amended prayer expands upon the original prayer. Therefore, the amended prayer need not be stricken.

While other minor amendments were accomplished via the Second Amended Complaint – none of which constitutes a new claim – the Defendants offer no specific arguments why these amendments should be stricken. Consequently, these amendments should be allowed. Therefore,

IT IS RECOMMENDED that the Defendants' Motion to Strike Plaintiffs' Second Amended Complaint be GRANTED IN PART and DENIED IN PART as set forth above.

DATED this 22nd day of August, 2013

Jeremiah C. Lynch
United States Magistrate Judge