IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIEL FLOYD and KELLEY FLOYD,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC.; BAC HOME LOAN SERVICING LP f/k/a COUNTRYWIDE HOME LOANS SERVICING LP; THORNBURG MORTGAGE SECURITIES TRUST 2007-3; THORNBURG MORTGAGE SECURITIES TRUST 2006-6; RECONTRUST COMPANY NA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BANK OF AMERICA, N.A.; and DOES 1 through 10,<br><br>Defendants. | CV 12–79–M–DLC<br><br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and

-1-

Recommendation on August 22, 2013, recommending that the Defendants' Motion to Strike Plaintiffs' Second Amended Complaint be granted in part and denied in part. Neither party timely objected to the Findings and Recommendation, and so have waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

There is no clear error in Judge Lynch's Findings and Recommendation. Plaintiffs' amendment to paragraph 31 of the First Amended Complaint – now paragraph 29 of the Second Amended Complaint – impermissibly attempts to add new claims against Bank of America, which was not authorized by the Court's prior Order. Likewise, paragraph 30(a)-(d) improperly attempts to expand the Floyds' negligence claim against Bank of America in a manner not authorized by the Court's previous Order. Therefore, the amendments to former paragraph 31, and the allegations in paragraph 30(a)-(d) of the Second Amended Complaint must be stricken.

The allegations set forth in paragraph 30(e)-(r) and paragraph 36 of the

Second Amended Complaint support the Floyds claim of negligence as advanced in paragraph 29 of the First Amended Complaint. Therefore, these are permissible amendments and they will not be stricken. None of the other contested amendments, regarding the prayer for relief or clarification of who owned the property that made up the Spring Creek Ranch, need be stricken because this evidence would inevitably be presented at trial. The other minor, uncontested amendments also need not be stricken.

Accordingly, IT IS ORDERED that Judge Lynch's Findings and Recommendation (doc. 77) are ADOPTED in full. Defendants' Motion to Strike Plaintiffs' Second Amended Complaint (doc. 66) is GRANTED IN PART and DENIED IN PART.

Dated this 10th day of October, 2013.

_____
Dana L. Christensen, Chief District Judge
United States District Court